FILED

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 MY -8 PM 3:47

U.S. DISTRICT COURT
W/D N Y ROCHESTER

REINALDO SUAREZ, 14640055,

    Plaintiff,

-v-

                                DECISION AND ORDER
                                07-CV-6183P

Correctional Officer G. KNOX, Captian K. HALE,
and Facility Director C. MULE,

    Defendants.

## INTRODUCTION

Plaintiff, Reinaldo Suarez, an inmate of the Northeast Ohio Correctional Center, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, G. Knox, K. Hale and C. Mule, violated his rights when he was falsely accused of the assault of another inmate and placed in the special housing unit without a hearing or proper investigation, and under conditions that violated the Eighth Amendment. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma*

*pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff may not bring this action pursuant to 42 U.S.C. § 1983, but rather as a *Bivens* action, as described below. In addition, unless plaintiff's claims are amended as directed below, they must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Bivens Action

The defendants appear to be employees of the federal government's Buffalo Federal Detention Facility, and, as such, are not deemed persons acting under color of state law pursuant to 42 U.S.C. § 1983. Section 1983 provides redress for individuals who have been injured by a person acting under color of state law; it does not create a cause of action against persons who act under color of federal law. 42 U.S.C. § 1983 (1993); *Bivens v. Six Unknown Named Agents*, 403 U.S. 388,

398 (1971) (Harlan, J., concurring). However, in view of plaintiff's *pro se* status, the Court will construe his § 1983 claim against a federal defendant as an action under *Bivens*. *See Tavarez v. Reno*, 54 F.3d 109 (2d Cir. 1995).

Personal Involvement

Plaintiff's claims are subject to dismissal because they fail to allege that any of the named defendants are personally responsible for the alleged violations of due process and the Eighth Amendment. *Bivens* provides a remedy for intentional deprivations of constitutional rights by authorizing lawsuits against responsible federal officials in their individual capacities. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, at 510 (2d Cir.1994). However, to establish a *Bivens* claim, a plaintiff must allege facts showing that the individual defendants participated in the alleged constitutional violation. Conclusory allegations, standing alone, are not sufficient. *See Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir.1987) (plaintiff failed to plead a cognizable claim by not alleging any personal involvement by the defendant supervisor). Thus, to be liable under *Bivens*, a defendant must: be personally involved in the violation of plaintiff's rights; have created or acquiesced in a policy or practice of poor training or supervision; or have otherwise acted recklessly in managing his or her subordinates. *See id.* Supervisors are not liable under *Bivens* based solely on the alleged misconduct of their subordinates. *See Ellis v. Blum*, 643 F.2d 68, 85 (2d Cir.1981) (respondeat superior generally does not apply in *Bivens* -type actions) (citations omitted).

Plaintiff alleges that he was falsely accused of an assault and subjected to disciplinary action in violation of due process and the Eighth Amendment. However, he fails to allege in what way each of the defendants was personally involved in the alleged actions in a manner that would allow the Court to determine if he can state a cause of action against each defendant.

3

The Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). Plaintiff must state how each named defendant was personally responsible for the alleged violations and what exactly he did. Plaintiff should also state how long he was confined to the special housing unit under the conditions described.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **May 29, 2007** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **May 29, 2007**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **May 29, 2007**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **May 29, 2007**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **May 29, 2007**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further

requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: May 8, 2007
Rochester, New York